## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**JEROME KASPER,**

    *Plaintiff,*

v.

**L.J. ROSS AND ASSOCIATES, INC.,**

    *Defendant.*

Case No. 19-cv-478
Hon. J.P. Stadtmueller

---

## DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6), AND INCORPORATED BRIEF IN SUPPORT

Defendant L.J. Ross and Associates, Inc., pursuant to Fed. R. Civ. P. 12(b)(6), brings its motion to dismiss Plaintiff's Complaint for the reasons stated below, and as explained in further detail within L.J. Ross's incorporated brief in support.

1.      This lawsuit involves alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), specifically regarding the contents of the dunning letter of L.J. Ross & Associates, Inc. ("L.J. Ross").

2.      L.J. Ross's dunning letter requested Plaintiff to "please have [Plaintiff's] account number [XXXX] available when you call our office" and "[i]n any communication with our company or your creditor, always refer to your account number printed on this letter."   Plaintiff attached L.J. Ross's disputed

dunning letter to his Complaint as Exhibit 1, and it is again re-attached hereto as **Exhibit A**.

3.    L.J. Ross uses this unique account number in order to accurately identify debtors and requests it to be referenced for this purpose.

4.    This Court has previously approved dunning letters requesting debtors to provide account numbers in communications with the debt collector.    **Exhibit B**, *Thomollari v. CMRE Fin. Servs., Inc.*, No. 17-CV-533, 2017 WL 6812033 (E.D. Wis. Aug. 28, 2017).

5.    Indeed, Plaintiff's current firm, Ademi & O'Reilly LLP, represented the plaintiff in *Thomollari*, and is well aware that requesting account numbers is a legitimate, FDCPA-compliant practice in this District. *Id.*

6.    Nonetheless, Plaintiff Jerome Kasper's two-count Complaint alleges that L.J. Ross's dunning letter violates the FDCPA, purportedly because the account number request confuses Plaintiff, "overshadows" the validation notice, and fails to accurately provide the portion of the FDCPA validation notice required by 15 U.S.C. § 1692g(a).  (Dkt. No. 1 at ¶¶ 38–41; 44–48.)

7.    As part of a Court's gatekeeping function, the Seventh Circuit has set forth the following circumstances in which dismissal of an FDCPA claim is appropriate pursuant to Fed. R. Civ. P. 12(b)(6): "a plaintiff fails to state a claim [under the FDCPA] and dismissal is appropriate **as a matter of law** when it is

03094553 v1

2

apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." *Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012) (emphasis supplied).

8.     As the Court can determine by reviewing L.J. Ross's dunning letter, L.J. Ross's letter complies with the FDCPA on its face: the body of the letter mirrors Section 1692g(a). **Exhibit A.**

9.     Plaintiff nonetheless argues that the letter is confusing, misleading, and inaccurate because it requests the debtor to provide an account number (contained in the letter itself); Plaintiff claims that the request somehow led Plaintiff to believe that Plaintiff must include the number in order to dispute the debt, despite the letter nowhere making this a requirement.

10.     The Seventh Circuit has adopted "the unsophisticated debtor standard"—an objective standard. *Sims v. GC Servs. L.P.*, 445 F.3d 959, 963 (7th Cir. 2006).

11.     The unsophisticated debtor "is not a dimwit" and is "reasonable." *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012).

12.     The Seventh Circuit accordingly "disregard[s] unrealistic, peculiar, bizarre, and idiosyncratic interpretations of collection letters." *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005.

13. Indeed, Plaintiff's professed interpretation is "idiosyncratic—much more likely to be arrived at by an enterprising plaintiff's lawyer than by [an unsophisticated] consumer." **Exhibit E**, *Koehn v. Delta Outsource Grp., Inc.*, No. 18-C-1084, 2018 WL 6590617, at *5 (E.D. Wis. Dec. 14, 2018).

14. L.J. Ross brings to the Court's attention that Plaintiff's law firm, Ademi & O'Reilly LLP, has a well-documented history of bringing dubious FDCPA claims despite dunning letters, on their face, complying with the FDCPA; this Court dismissed those claims pursuant to Fed. R. Civ. P. 12(b)(6) following *Zemeckis* and the plain language of the FDCPA. *See, e.g.,* **Exhibit C**, *Borucki v. Vision Fin. Corp.*, No. 13-CV-386, 2013 WL 2477067 (E.D. Wis. June 7, 2013), *aff'd sub nom. Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271 (7th Cir. 2014); **Exhibit B**, *Thomollari, supra*, 2017 WL 6812033 (E.D. Wis. Aug. 28, 2017); **Exhibit D**, *Mollberg v. Advanced Call Ctr. Techs. Inc.*, No. 18-CV-1210, 2019 WL 288128 (E.D. Wis. Jan. 22, 2019), *reconsideration denied*, No. 18-CV-1210, 2019 WL 1376024 (E.D. Wis. Mar. 27, 2019).

15. In *Thomollari, supra*, this Court rejected Plaintiff's argument that a request for an account number violated the FDCPA: this Court, following *Zemeckis*, dismissed the FDCPA claim pursuant to Fed. R. Civ. P. 12(b)(6) because "the letter [plaintiff] received is so clear on its face that not even a

significant fraction of the population would be misled by it." **Ex. B**, *Thomollari*, 2017 WL 6812033, at *4.

16. Thus, Plaintiff's law firm has brought an argument it personally knows this Court has already rejected.

17. Dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b)(6) and *Zemeckis*, *supra*.

**ACCORDINGLY**, Defendant L.J. Ross & Associates, Inc. respectfully requests that this Court enter an order dismissing Plaintiff's Complaint, with prejudice, and awarding L.J. Ross & Associates, Inc. a reasonable attorney fee for defending this frivolous lawsuit, which Plaintiff's counsel knew, or should have known, is not well-grounded in law.

Respectfully submitted,

/s/ R.J. Cronkhite
R.J. Cronkhite (P78374)
Maddin, Hauser, Roth & Heller, P.C.
*Attorney for Defendant*
28400 Northwestern Hwy, Floor 2
Southfield, MI 48034-1839
(248) 351-7017
rcronkhite@maddinhauser.com

Dated: May 13, 2019

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**JEROME KASPER,**

    *Plaintiff,*

v.

**L.J. ROSS AND ASSOCIATES, INC.,**

    *Defendant.*

Case No. 19-cv-478

Hon. J.P. Stadtmueller

---

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION
## TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

# **TABLE OF CONTENTS**

INDEX OF EXHIBITS ......................................................................................... ii

TABLE OF AUTHORITIES............................................................................... i

STATEMENT OF ISSUE PRESENTED ....................................................... iii

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT ........ iv

STATEMENT OF MATERIAL FACTS ........................................................... 1

STANDARD OF REVIEW................................................................................ 2

ARGUMENT ...................................................................................................... 3

      A.      The Seventh Circuit's Unsophisticated Debtor standard. .................... 3

      B.      L.J. Ross's dunning letter, on its face, complies with 15 U.S.C. §§ 1692(g)(a)(4) and 1692(g)(a)(4) as a matter of law. ............................ 4

      C.      L.J. Ross's letter, as a matter of law, does not support a claim for confusion under the FDCPA................................................................ 8

CONCLUSION AND REQUESTED RELIEF...................................................... 11

Case 2:19-cv-00478-JPS   Filed 05/13/19   Page 7 of 24   Document 5

## INDEX OF EXHIBITS

**EXHIBIT A:**      L.J. Ross & Associates, Inc. Dunning Letter

**EXHIBIT B:**      *Thomollari v. CMRE Fin. Servs., Inc.*, No. 17-CV-533, 2017 WL 6812033 (E.D. Wis. Aug. 28, 2017), *reconsideration denied*, No. 17-CV-533, 2017 WL 6805639 (E.D. Wis. Oct. 27, 2017)

**EXHIBIT C:**      *Borucki v. Vision Fin. Corp.*, No. 13-CV-386, 2013 WL 2477067 (E.D. Wis. June 7, 2013), *aff'd sub nom. Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271 (7th Cir. 2014)

**EXHIBIT D:**      *Mollberg v. Advanced Call Ctr. Techs. Inc.*, No. 18-CV-1210, 2019 WL 288128 (E.D. Wis. Jan. 22, 2019), *reconsideration denied*, No. 18-CV-1210, 2019 WL 1376024 (E.D. Wis. Mar. 27, 2019)

**EXHIBIT E:**      *Koehn v. Delta Outsource Grp., Inc.*, No. 18-C-1084, 2018 WL 6590617 (E.D. Wis. Dec. 14, 2018)

# TABLE OF AUTHORITIES

**Cases**

*Borucki v. Vision Fin. Corp.,*
    No. 13-CV-386, 2013 WL 2477067 (E.D. Wis. June 7, 2013) .................ii, 6

*Durkin v. Equifax Check Servs., Inc.,*
    406 F.3d 410 (7th Cir. 2005)................................................................iii, 4, 8

*Fields v. Wilber Law Firm, P.C.,*
    383 F.3d 562 (7th Cir.2004)....................................................................... 3

*Gruber v. Creditors' Prot. Serv., Inc.,*
    742 F.3d 271 (7th Cir. 2014)................................................................ii, 6

*Koehn v. Delta Outsource Grp., Inc.,*
    No. 18-C-1084, 2018 WL 6590617 (E.D. Wis. Dec. 14, 2018) .................3, 9

*Lox v. CDA, Ltd.,*
    689 F.3d 818 (7th Cir. 2012)................................................................ 2, 3

*Mollberg v. Advanced Call Ctr. Techs. Inc.,*
    No. 18-CV-1210, 2019 WL 288128 (E.D. Wis. Jan. 22, 2019) .................ii, 7

*Robbins v. Wolpoff & Abramson LLP,*
    422 F. Supp. 2d 1011 (E.D. Wis. 2006)................................................3, 6

*Sims v. GC Servs. L.P.,*
    445 F.3d 959 (7th Cir. 2006)................................................................iii, 3

*Taylor v. Cavalry Inv., LLC,*
    365 F.3d 572 (7th Cir. 2004)................................................................ 9, 10

*Thomollari v. CMRE Fin. Servs., Inc.,*
    No. 17-CV-533, 2017 WL 6812033 (E.D. Wis. Aug. 28, 2017)...ii, iii, 2, 7,
                                                       8, 10, 11

*Thompson v. Ill. Dep't of Prof'l Regulation,*
    300 F.3d 750 (7th Cir. 2002)........................................................................ 1

Case 2:19-cv-00478-JPS   Filed 05/13/19   Page 9 of 24   Document 5

*Turner v. J.V.D.B. & Assocs., Inc.*,
    330 F.3d 991 (7th Cir. 2003)...............................................................2, 3
*Zemeckis v. Glob. Credit & Collection Corp.*,
    679 F.3d 632 (7th Cir. 2012)...........................................................iii, 3, 9, 10

**Statutes**
15 U.S.C. § 1692g(a).........................................................2, 4, 5, 6, 7, 8, 10
15 U.S.C. § 1692e................................................................................... 6
15 U.S.C. §1692e(10)............................................................................ 6
Fed. R. Civ. P. 10(c)............................................................................. 1
Fed. R. Civ. P. 12(b)............................................................................. 1
Fed. R. Civ. P. 12(b)(6).................................................................ii, 6, 7, 8, 10

## STATEMENT OF ISSUE PRESENTED

Is dismissal appropriate pursuant to Fed. R. Civ. P. 12(b)(6) based on the plain language of Defendant L.J. Ross & Associates, Inc.'s dunning letter, attached as Exhibit 1 to Plaintiff Jerome Kasper's Complaint?

     Defendant says:   "Yes."

     Plaintiff says:   "No."

# CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

*Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632 (7th Cir. 2012).

*Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410 (7th Cir. 2005).

*Sims v. GC Servs. L.P.*, 445 F.3d 959 (7th Cir. 2006).

*Thomollari v. CMRE Fin. Servs.,\Inc.*, No. 17-CV-533, 2017 WL 6812033 (E.D. Wis. Aug. 28, 2017), *reconsideration denied*, No. 17-CV-533, 2017 WL 6805639 (E.D. Wis. Oct. 27, 2017).

# STATEMENT OF MATERIAL FACTS

On April 2, 2019, Plaintiff Jerome Kasper filed his Complaint against L.J. Ross. The Complaint attaches L.J. Ross's dunning letter[1] and contains two counts. Both counts are entitled "FDCPA" and allege that L.J. Ross violated the FDCPA. (Dkt. No. 1 at pp. 7–8.)

L.J. Ross's letter identifies the amount of the debt and the creditor to whom the debt is owed. **Ex. A.**

The body of L.J. Ross's letter follows:

```
▓▓ADDRESSEE▓▓            ┌ MAKE CHECKS PAYABLE TO: ┐      **** PLEASE CALL ****
                                                          Telephone: 1-800-472-5118
Jerome Kasper               L.J. ROSS ASSOCIATES, INC.    Hrs: Mon – Fri 8:00 AM – 6:30 PM EST
830 E Howard Ave                  P.O. Box 6099                  www.ljross.com
Milwaukee WI 53207-3938         Jackson MI 49204-6099

                                         * * * Please have your account number ███ 7531 available
Dear Jerome Kasper,                              when you call our office. * * *
```

The above client has referred your unpaid account to this agency for collection. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

In any communication with our company or your creditor, always refer to your account number printed on this letter.

This communication is from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

Sincerely,
Collection Department
1-800-472-5118

FDCPA Count I claims that L.J. Ross's dunning letter is misleading because of the language, "Please have your account number [XXXX] available when you

---

[1] Pursuant to Fed. R. Civ. P. 10(c), "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c). Therefore, the Court's consideration of the letter does not mandate converting the present motion to one for summary judgment. Fed. R. Civ. P. 12(b); *Thompson v. Ill. Dep't of Prof'l Regulation,* 300 F.3d 750, 754 (7th Cir. 2002).

call our office," asserting that this statement fails to comply with 15 U.S.C. § 1692g(a)'s requirement that consumers notify debt collectors in writing in order to obtain verification of debt. (Dkt. No. 1 at ¶ 40.) Plaintiff also asserts in Count I that the letter fails to "accurately" contain the portion of the FDCPA validation notice required by 15 U.S.C. § 1692g(a) (Dkt. No. 1 at ¶ 46.) In doing so, Plaintiff ignores the body of the letter that mirrors Section 1692g(a), including that a dispute must be in writing in order to obtain verification of the debt. **Ex. A.**

FDCPA Count II asserts that the dunning letter contains unlawful, extraneous material based on the following language: "In any communication with our company or your creditor, always refer to your account number printed on this letter." Plaintiff reads this statement as a requirement to dispute the debt and obtain verification.[2] Plaintiff, however, points to no actual language in the letter imposing such a requirement; it is Plaintiff's professed assumption.

## STANDARD OF REVIEW

In the context of a claimed violation of the Fair Debt Collection Practices Act (FDCPA), "a plaintiff fails to state a claim and dismissal is appropriate **as a matter of law** when it is apparent from a reading of the letter that not even a

---

[2] In 2017, this Court previously rejected this identical argument from this identical law firm. **Exhibit B,** *Thomollari v. CMRE Fin. Servs., Inc.,* No. 17-CV-533, 2017 WL 6812033, at *1 (E.D. Wis. Aug. 28, 2017), *reconsideration denied,* No. 17-CV-533, 2017 WL 6805639 (E.D. Wis. Oct. 27, 2017).

significant fraction of the population would be misled by it." *Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012) (emphasis supplied).

As this Court itself has noted in the context of FDCPA claims, "[t]he Court must still exercise *some* gate keeping function; the alternative is the prospect of stating a claim for relief based on utterly superfluous stylistic or grammatical variations." *Robbins v. Wolpoff & Abramson LLP*, 422 F. Supp. 2d 1011, 1015 (E.D. Wis. 2006).

## ARGUMENT

### A.     The Seventh Circuit's Unsophisticated Debtor standard.

The Seventh Circuit has adopted "the unsophisticated debtor standard"—an objective standard. *Sims v. GC Servs. L.P.*, 445 F.3d 959, 963 (7th Cir. 2006). The unsophisticated debtor is considered to have a "rudimentary knowledge about the financial world and is capable of making basic logical deduction[s] and inferences." *Fields v. Wilber Law Firm, P.C.,* 383 F.3d 562, 564 (7th Cir.2004) (internal quotations omitted).  The unsophisticated consumer "is not a dimwit" and is "reasonable." *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012); *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 997 (7th Cir. 2003).  The Seventh Circuit accordingly "disregard[s] unrealistic, peculiar, bizarre, and idiosyncratic

interpretations of collection letters." *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005).[3]

**B.** **L.J. Ross's dunning letter, on its face, complies with 15 U.S.C. §§ 1692(g)(a)(4) and 1692(g)(a)(4) as a matter of law.**

Plaintiff alleges that L.J. Ross's dunning letter fails to comply with 15 U.S.C. §§ 1692g(a)(4) and 1692g(a)(5). Specifically, Plaintiff alleges that L.J. Ross fails to inform the reader that disputes regarding the debt "must be in writing." (Dkt. No. 1 at ¶ 40.) Plaintiff further alleges that L.J. Ross "has failed to accurately provide the portion of the FDCPA validation notice required by 15 U.S.C. § 1692g(a)." (Dkt. No. 1 at ¶ 46.)

But L.J. Ross's dunning letter, on its face, not only complies with 15 U.S.C. § 1692g(a)—the letter actually mimics Section 1692g's language.

Sections 1692g(a)(4) and 1692g(a)(5) provide as follows:

(a) **Notice of debt; contents**. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after

---

[3] The 7th Circuit's unsophisticated consumer standard is not the same as the rejected "least-sophisticated-debtor standard" that other courts use. *Durkin*, 406 F.3d at 414.

receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;[4]

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

L.J. Ross's dunning letter mirrors the above language:

The above client has referred your unpaid account to this agency for collection. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.[5] If you notify this office **in writing** within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification.[6] If you request of this office **in writing** within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.[7]

**Exhibit A** (emphases supplied).

---

[4] Section 1692g(a)(3) does not require that the consumer contact the debt collector in writing in order to rebut the debt collector's presumption is valid.

[5] *Cf.* 15 U.S.C. § 1692g(a)(3), *supra.*

[6] *Cf.* 15 U.S.C. § 1692g(a)(4), *supra.*

[7] *Cf.* 15 U.S.C. § 1692g(a)(5), *supra.*

This Court has previously held that a FDCPA claim fails as a matter of law under similar circumstances. In *Robbins v. Wolpoff & Abramson LLP*, 422 F. Supp. 2d 1011 (E.D. Wis. 2006), this Court concluded that a debt collector's inclusion, in its dunning letter, of identical or closely paraphrased statutory language from the FDCPA section addressing validation of debts, adhering to both the order and content of that section, could not, as a matter of law, support a claim for confusion under the FDCPA. *Robbins*, 422 F. Supp. 2d at *1115–16 (E.D. Wis. 2006) (dismissing pursuant to Fed. R. Civ. P. 12(b)(6)).

Notably, the *Robbins* plaintiff was represented by Plaintiff Kasper's current counsel, Ademi & O'Reilly LLP. Indeed, this Court—relying on the plain language of dunning letters—has repeatedly dismissed, pursuant to Fed. R. 12(b)(6), similarly questionable FDCPA claims brought by Ademi & O'Reilly LLP:

- **Exhibit C**, *Borucki v. Vision Fin. Corp.*, No. 13-CV-386, 2013 WL 2477067, at *4 (E.D. Wis. June 7, 2013), *aff'd sub nom. Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271 (7th Cir. 2014) ("Even viewing the notification in the light most favorable to [plaintiff], this Court finds that the notification language complies with the § 1692g(a)(4). Thus, Borucki has also failed to state a claim that the

language was false, deceptive, or misleading under §§ 1692e and 1692e(10).").

- **Exhibit B**, *Thomollari*, *supra*, 2017 WL 6812033, at *4 (dismissing FDCPA claim pursuant to Fed. R. Civ. P. 12(b)(6) because "the letter [plaintiff] received is so clear on its face that not even a significant fraction of the population would be misled by it").

- **Exhibit D**, *Mollberg v. Advanced Call Ctr. Techs. Inc.*, No. 18-CV-1210, 2019 WL 288128, at *7 (E.D. Wis. Jan. 22, 2019), *reconsideration denied*, No. 18-CV-1210, 2019 WL 1376024 (E.D. Wis. Mar. 27, 2019) ("[Plaintiff] has not plausibly alleged that [defendant's] dunning letter violated the FDCPA or the WCA. Because the dunning letter accurately stated the amount of the debt and is plainly not confusing or misleading, I will grant ACCT's motion to dismiss.").

As demonstrated above, L.J. Ross's letter plainly contains the language required by Sections 1692g(a)(4) and 1692g(a)(5). Based on the plain language of L.J. Ross's dunning letter, it is wholly disingenuous to assert that L.J. Ross's letter is confusing or fails to inform the reader that disputes regarding the debt "must be in writing." Dismissal is appropriate as a matter of law.

**C. L.J. Ross's letter, as a matter of law, does not support a claim for confusion under the FDCPA.**

Plaintiff takes issue with the common and understandable practice of businesses, including L.J. Ross, requesting that Plaintiff provide an account number *if* Plaintiff decides to contact L.J. Ross. A number unique to Plaintiff facilitates communication because it allows L.J. Ross to accurately and quickly look up the individual debtor in L.J. Ross's system.

Plaintiff asserts that this request constitutes a "requirement" to provide an account number contrary to Section 1692g(a) and also confuses Plaintiff into thinking that Plaintiff may obtain verification of the debt in a phone call—despite the letter clearly providing that such a request must be in writing.

The letter does not require Plaintiff to provide an account number, as is evident from reading the letter; it is a request and reminder to do so. *Cf. Thomollari*, 2017 WL 6812033, at *2 (dismissing FDCPA pursuant to Fed. R. Civ. P. 12(b)(6) where the dunning letter provided that the debtor "should refer" to the debtor's account number **and** statement date). **Ex. B.**

Similarly, the letter does not advise Plaintiff that verification can be done over the phone or in person, let alone in connection with an account number. It is unclear how Plaintiff makes this giant leap.

Under this Circuit's standard, Plaintiff is assumed to be reasonable. Plaintiff's leap is not reasonable and, at best, idiosyncratic. But the Seventh

Circuit "disregard[s] unrealistic, peculiar, bizarre, and idiosyncratic interpretations of collection letters." *Durkin*, 406 F.3d at 414. Plaintiff's reading of L.J. Ross's amounts to nothing more than a deliberate misreading of the printed language or a fantastic conjecture. *Cf. Taylor v. Cavalry Inv., LLC*, 365 F.3d 572, 574 (7th Cir. 2004). Plaintiff's professed interpretation "is indeed idiosyncratic—much more likely to be arrived at by an enterprising plaintiff's lawyer than by [an unsophisticated] consumer." **Exhibit E**, *Koehn v. Delta Outsource Grp., Inc.*, No. 18-C-1084, 2018 WL 6590617, at *5 (E.D. Wis. Dec. 14, 2018).

Plaintiff's idiosyncratic interpretation is even less reasonable than the interpretation of the plaintiff in *Zemeckis, supra*. In *Zemeckis*, plaintiff contended that the dunning letter was confusing because it included both commands to act 'now' and call 'today' with threats of legal action, allegedly fostering the impression that legal consequences were imminent if plaintiff did not pay the debt or contact the debt collector immediately. The *Zemeckis* plaintiff asserted this "impression" obscured plaintiff's thirty-day window to contest the debt. The *Zemeckis* plaintiff pointed out that the thirty-day window was "unhelpfully placed on the letter's backside," allegedly increasing the chance of confusion. *Zemeckis*, 679 F.3d at 636.

The Seventh Circuit rejected the *Zemeckis* plaintiff's claim of confusion because the dunning letter was "clear on its face" regarding plaintiff's obligation to

request validation in writing within thirty days. *Id.*, 679 F.3d at 637. Because the letter was "clear on its face," the *Zemeckis* Court affirmed dismissal at the pleading stage—"before [plaintiff] had the opportunity to conduct a consumer survey." *Id.*

Plaintiff's argument is further troubling because this Court has rejected Plaintiff's counsel's identical argument in a prior FDCPA lawsuit.

In *Thomollari*, the plaintiff's law firm (Ademi & O'Reilly LLP) alleged that a dunning letter violated the FDCPA because "the letter requires the consumer to include the [] account number and statement date" and "nothing in 15 U.S.C. § 1692g(a) requires that those pieces of information be included in the written dispute." *Thomollari*, 2017 WL 6812033, at *1.[8] **Ex. B**. Allegedly, such request for an account number was a "per se violation of the FDCPA." *Id.*

This Court squarely rejected the argument:

> Although, as a general matter, the Seventh Circuit views the confusing nature of a debt validation notice as a question of fact, that if well-pleaded, avoids dismissal on a Rule 12(b)(6) motion, a plaintiff fails to state a claim and dismissal is appropriate as a matter of law when it is "apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." *Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012)

---

[8] The exact letter's language follows:

> You may send your written request to "CMRE FINANCIAL SERVICES INC, 3075 E IMPERIAL HWY SUITE 200, BREA, CA 92821, ATTENTION: COMPLIANCE UNIT." Your letter should refer to the above-referenced CMRE account number, and statement date.

*Thomollari*, 2017 WL 6812033, at *2.

(quoting *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574 (7th Cir. 2004)). **This is such a case**.

CMRE's letter, **on its face**, does not engender confusion sufficient to state a claim under the FDCPA. The letter does not require that the consumer submit additional information in order to dispute the debt; **rather, the letter is asking the consumer to reference CMRE's account number** and the statement date when he disputes the debt. . . . [T]he letter merely requests that when disputing the debt, the consumer reference two pieces of information (account number and statement date), which are found on the letter itself, **so that CMRE will know which account the consumer is disputing when it receives the consumer's correspondence**. . . . This in no way overshadows, contradicts, or dilutes the consumer's right to dispute the debt.

*Thomollari*, 2017 WL 6812033, at *3. **Ex. B**.

Plaintiff's law firm brings this "account" argument despite this Court previously addressing and rejecting Plaintiff's law firm's identical argument.[9]

## CONCLUSION AND REQUESTED RELIEF

**ACCORDINGLY,** Defendant L.J. Ross & Associates, Inc. respectfully requests that this Court enter an order dismissing Plaintiff's Complaint, with prejudice, and awarding L.J. Ross & Associates, Inc. a reasonable attorney fee for defending this frivolous lawsuit, which Plaintiff's counsel knew, or should have

---

[9] Plaintiff's decision to assert squarely-rejected claims implicates Fed. R. Civ. P. 11(b)(1) and (b)(2), and Plaintiff's law firm's violations thereof. The problem is compounded by the fact that Plaintiff is asserting this is a class action issue in an attempt to intimidate L.J. Ross into a settlement. In context, these are classic hallmarks of pursuing litigation for an improper purpose.

known, is not well-grounded in law.

Respectfully submitted,


/s/ R.J. Cronkhite
R.J. Cronkhite (P78374)
Maddin, Hauser, Roth & Heller, P.C.
*Attorney for Defendant*
28400 Northwestern Hwy, Floor 2
Southfield, MI 48034-1839
(248) 351-7017
rcronkhite@maddinhauser.com

Dated: May 13, 2019


<div style="border: 1px solid black;">

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2019, I electronically filed the above document(s) with the Clerk of the Court using the ECF system, which will send notification of such filing to those who are currently on the list to receive e-mail notices for this case.

DATED: May 13, 2019        /s/ R.J. Cronkhite

</div>